**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

NICO FENSKE,

           Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY, *et al.*,

           Defendants.

Case No. 2:19-cv-01767-RFB-VCF

**ORDER**

MOTION TO COMPEL (EFC NO. 27)

Before the Court is plaintiff Nico Fenske's motion to compel. (ECF No. 27). The Court grants the motion.

**I.    Background**

Plaintiff argues in his motion to compel that defendants, Allstate Insurance Company and individual adjuster, Kimberly Bowler, have not produced any FRCP 26(a)(l) disclosures, FRCP 34 responses, or FRCP 33 verification pages. (ECF No. 27 at 7). The disclosures were due in January 2020 and the discovery responses were due in April 2020. (*Id*.) The plaintiff does not seek sanctions, noting that the defense has had issues due to COVID-19, and seeks only an order compelling the defendants to produce disclosures and respond to discovery. (*Id.*) The defendants argue in their response that their lead counsel had COVID-19, that they are in the process of reviewing thousands of documents to produce, and that they have multiple individual objections to the discovery requests, including privilege objections, and that they will produce the disclosures and responses as soon as practicable. (ECF No. 30 at 3). The plaintiff argues in his reply that it was procedurally improper for the defendants to make general objections and broad assertions of privilege in their opposition because they did not respond to the discovery requests and include their objections. (ECF No. 32 at 3).

//

## II.     Analysis

FRCP 26 states:

(C) Time for Initial Disclosures--In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Federal Rule of Civil Procedure 37. "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." *Id*. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection…if…a party fails to answer an interrogatory submitted under Rule 33; or…a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." *Id*.

The parties do not dispute that the defendants did not timely produce their initial disclosures or their discovery responses. The defendants are now many months late, but the Court will not impose sanctions on defendants because the plaintiff does not seek them. The defendants' delay is not harmless to the plaintiff. The Court orders that the defendants have 30 days to produce their FRCP 26(a)(l) disclosures, their FRCP 34 responses, and their FRCP 33 verification pages. If the defendants withhold any disclosures or discovery responses based on privilege, the defendants must simultaneously produce a privilege log.

//

//

ACCORDINGLY,

IT IS ORDERED that Fenske's motion to compel is GRANTED: the defendants have until Thursday, August 27, 2020 to comply with this Order.

IT IS SO ORDERED.

DATED this 28th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE